IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 20-10005-4-EFM

JEREMY J. SNYDER,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Jeremy J. Snyder's Motion to Reduce Sentence – First Step Act (Doc. 252). He seeks early release from prison due to the COVID-19 pandemic and his risk of infection. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

    **I.**    **Factual and Procedural Background**

On September 15, 2020, Defendant pleaded guilty to the use of a communication facility to facilitate the commission of a drug crime and possession of methamphetamine, in violation of 21 U.S.C. §§ 843(b) and 844(a). On April 5, 2021, Defendant was sentenced to 60 months' imprisonment. Defendant is 40 years old, and he is currently incarcerated at FCI La Tuna. His projected release date is May 1, 2024, but he is eligible for home detention on November 2, 2023.

On March 25, 2022, Defendant filed a motion seeking early release from prison due to the risk of contracting COVID-19. Specifically, he contends that (1) there is another COVID-19 outbreak at his prison, (2) the present variant is more contagious, (3) the vaccines are ineffective, (4) there is a lack of social distancing, and (5) he has health conditions that put him at-risk of severe illness should he contract COVID-19.[1] The government opposes his motion.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2] It allows defendants to seek early release from prison provided certain conditions are met. First, a criminal defendant may file a motion for compassionate release only if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf" or; (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[3] Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[4]

---

[1] District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act. Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic. Under 20-8, the FPD has 15 days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID. Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.

[2] See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[3] 18 U.S.C. § 3582(c)(1)(A).

[4] United States v. Hemmelgarn, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

If a defendant satisfies the exhaustion requirement, the Tenth Circuit has set forth a three-part test for district courts to use when deciding a defendant's motion.[5] This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) "such reduction is consistent with *applicable* policy statements issued by the Sentencing Commission," and (3) any reduction is consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[6] The Tenth Circuit also recently clarified that "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants."[7] If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without addressing all three factors.[8] If, however, the Court grants the motion, the Court must address all steps.[9]

### III.   Analysis

Defendant seeks early release based on the spread of a COVID-19 variant in prison, ineffective vaccines, and underlying health conditions. The government asserts that Defendant is not an appropriate candidate for early release.

---

[5] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

[6] *McGee*, 992 F.3d at 1042-43 (citations and internal quotation marks omitted).

[7] *Maumau*, 993 F.3d at 837 (citations omitted).  This clarification effectively removes one of the requirements for motions filed directly by a defendant.  *See United States v. Hald*, 8 F.4th 932, 947 n.9 (10th Cir. 2021) (noting that the district court cannot err when it does not address the second step—the applicable policy statement—when there is not an applicable policy statement to motions filed by the defendant).

[8] *McGee*, 992 F.3d at 1043 (citation omitted); *see also Hald*, 8 F.4th at 942-43 (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[9] *McGee*, 992 F.3d at 1043 (citation omitted).

**A.     Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c). He requested compassionate release from the Warden on January 10, 2022. As of the date this motion was filed, Defendant had not received a response from the Warden. The government also concedes that Defendant meets the exhaustion requirement. Thus, the Court will proceed and determine the merits of Defendant's motion.

**B.     Extraordinary and Compelling Reasons**

Defendant asserts that his medical condition of obesity and a history of tobacco and drug use make him more susceptible to a new variant of COVID-19 spreading through the prison.[10] He also states that the vaccine is ineffective against it, and he cannot socially distance. Defendant contends that these reasons constitute extraordinary and compelling ones warranting a sentence reduction under § 3582(c)(1)(A).

"District courts, in carrying out the first step of § 3582(c)(1)(A)'s statutory test, decide for themselves whether 'extraordinary and compelling reasons' exist in a given case."[11] Here, Defendant's medical condition of obesity may increase his risk of severe illness from COVID-19 according to the Centers for Disease Control and Prevention ("CDC").[12] Although the Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of experiencing COVID-19 complications may be higher due to his obesity, he does not show a high risk.

---

[10] Defendant states that he is obese and has a body mass index ("BMI") over 30. The government does not address Defendant's obesity. Defendant attached medical records, and his medical records provide his height and weight. The records do not state that he is obese or provide his BMI. The Court, however, will consider Defendant obese based on its interpretation of Defendant's height and weight.

[11] *Maumau*, 993 F.3d at 833.

[12] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 3, 2022).

Here, the concerns are particularly minimized. Despite Defendant's allegations, there is no widespread outbreak at the facility in which he is housed. Indeed, there are no current active inmate cases, and there are only three active staff cases.[13] Furthermore, the BOP has implemented procedures to control outbreaks.

In addition, although Defendant contends that vaccines are ineffective, he is vaccinated.[14] This factor "changes the calculus on the 'extraordinary and compelling reasons' inquiry when defendants claim that their medical conditions place them at an increased risk for severe illness from COVID-19."[15] Furthermore, Defendant's medical records show that Defendant had COVID-19 in November 2021 without any severe medical complications. This factor also "cuts against his argument that compassionate release is warranted."[16] The Court recognizes the concerns and risks of COVID-19, but Defendant's facility has no active inmate cases, Defendant has been fully vaccinated, and Defendant already contracted COVID-19 with no serious medical complications. Accordingly, Defendant does not meet his burden in demonstrating an extraordinary and compelling circumstance warranting a sentence reduction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence – First Step Act (Doc. 252) is **DENIED**.

**IT IS SO ORDERED**.

---

[13] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, http://bop.gov/coronavirus/ (last accessed May 3, 2022). There are no pending tests.

[14] In addition, 1,293 inmates have been fully vaccinated at Defendant's facility. *Id.*

[15] *United States v. Barnette*, 2021 WL 2805376, at *4 (D. Kan. 2021) (collecting cases). "The available evidence . . . shows that the authorized COVID-19 vaccines . . . are safe and highly effective at preventing severe cases of COVID-19, even among . . . people with underlying medical conditions." *Id.*

[16] *United States v. Armendariz Soto*, 2022 WL 1223639, at *3 (D. Kan. 2022) (citing *United States v. Lee*, 849 F. App'x 601, 602 (7th Cir. 2021)).

Dated this 4th day of May, 2022.

                ERIC F. MELGREN
                CHIEF UNITED STATES DISTRICT JUDGE